IN THE MATTER OF THE APPLICATION OF THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF ONONDAGA FOR AUTHORITY TO LAY A HIGHWAY THROUGH A BUILDING INCLOSURE OF ISAAC JAMES.

*Proceedings to open a highway through a barn-yard—1 R. S., 514, sec. 57, as amended by chap. 773 of 1873 — the proper practice as to mode of reviewing the decision of the court and the order of the county judge, stated.*

This motion was made at a General Term of this court for the confirmation of an order of a county judge confirming a decision of the commissioners of highways, certifying that the public interests would be greatly promoted by laying out and opening a highway, between two designated points in the town, which would pass through the barn-yard of one James, and that the necessity of the highway had been certified to by a jury of twelve men. The order of the county judge recited that the matter was heard before him upon the commissioners' certificate and maps, which were brought before the General Term.

*Held*, that an objection to the confirmation of the order, based upon the ground that the record did not affirmatively show that all of the precedent steps, required to authorize a jury to certify to the necessity of the proposed highway, were duly taken, should be overruled.

That the commissioners, the county judge and this court could act upon an allegation that a certificate had been made, in the absence of a denial of the allegation by the land owner, and that it was not necessary that it should appear by the record that all of the preliminary steps, which it was required should be taken to authorize the adjudication, were actually and duly taken.

The county judge, in reviewing the decision of the commissioners, should determine the question on the certificate and upon such evidence as may be taken by him, or, in other words, there must be a retrial of the question before the county judge if the matter is there contested by the land owner.

It not being in accordance with the practice of this court to retry questions of fact at the General Term, the motion to confirm the report of the county judge should be there heard upon the evidence taken, and the proceedings had before the county judge.

MOTION to confirm the order of the county judge of Onondaga county, affirming the decision of commissioners directing a highway to be laid out and opened in the town of Onondaga in said county.

*E. C. Wright*, attorney for the commissioners.

Tousley & Collins, attorneys for Isaac James.          :

PER CURIAM:

The commissioners of highways of the town of Onondaga certi-fied to the county judge of the county of Onondaga that the public interests would be greatly promoted by laying out and opening a highway between two designated points in said town, the proposed route passing through a barn-yard of Isaac James. It was recited in said certificate that the necessity of said highway had been certi-fied to by a jury of twelve men. Due notice was given to James to appear before said county judge and attend the hearing of said matter, upon which hearing (both parties appearing) the county judge, by an order made and entered, affirmed the decision of the commissioners of highways. The commissioners, upon due notice to James, present the order of the county judge to this court for confirmation, which is opposed by James. These proceedings are taken under section 57, 1 Revised Statutes, 514, as amended by chapter 773, Laws 1873; 2 Revised Statutes (7th ed.), 1238.

The substantive part of the section is clear enough, and is to the effect that highways shall not be laid out through buildings or yards without the consent of the owners, unless authorized by the com-missioners of highways, the county judge and the General Term. But a complete mode of procedure for obtaining such authorizations is not prescribed in the section, and much must be supplied by the courts to render the section workable. It is the clear duty of the commissioners to examine the property affected by the proposed highway, and from their inspection and the evidence given upon the hearing before them to determine and certify whether locat-ing the proposed highway through the buildings, yards or inclosures, will greatly promote the public interests. If the commissioners certify that the highway should be so located they are required to give the owner five days' notice of a hearing of the matter before the county judge. The section does not, in terms, require the

commissioners to serve any papers upon the land owner, except the notice of hearing; nor does it prescribe whether the matter shall be heard by the county judge upon the commissioners' certificate, and the evidence taken by them, or upon their certificate and evidence taken by the county judge, as upon a retrial. But construing the section so as to make the procedure harmonize with the procedure in other proceedings for the review of questions of fact by county judges and county courts, and so as to best protect the rights of the public and of the land owner, we are of the opinion that the county judge should determine the question on the certificate, and upon such evidence as may be taken by him, or, in other words, that there must be a retrial of the question before the county judge if the matter is there contested by the land owner. If the county judge affirms the decision of the commissioners, they must give the land owner eight days' notice of the time and place where they will present the order of the county judge, to the General Term of the Supreme Court of the department in which the land is situated, for confirmation. The section does not prescribe that the evidence taken, and the proceedings had before the county judge, shall be presented to the General Term with the order, but without the evidence, this court is without means of determining the rights of the parties. It not being in accordance with the practice of this court to retry questions of fact, we are of the opinion that it was intended that the hearing in this court should be upon the evidence taken, and proceedings had before the county judge.

In this case it is recited in the order of the county judge that the matter was heard before him upon the commissioners' certificate and maps. It not appearing that other evidence was offered or taken, and the certificate, maps and order being before us, we are called upon to determine the rights of the parties on this meagre record. We cannot consider the affidavits (verified since the hearing before the county judge) which profess to set forth the facts bearing upon the claims of the contending parties. These affidavits were not before the county judge, and form no part of the record before us.

Section 57, as amended by chapter 773, Laws 1873, and section 60, as amended (sub nom., § 75) by chapter 696, Laws 1881, are not inconsistent, and highways cannot be laid through buildings or

yards unless authority is acquired pursuant to section 57. It is urged that the order should not be affirmed because the record before this court does not affirmatively show: First. That all of the required precedent steps to authorize a jury to certify to the necessity of the proposed highway were duly taken. Second. That the record does not show that the commissioners proceeded to lay out the highway within thirty days from the date of the certificate of the jury. It is recited in the commissioners' certificate, and in the order of the county judge, that a jury had certified to the necessity of the highway. If such was not the fact, the land owner should have shown it, or at least denied it, before the commissioners or the county judge. This proceeding is auxiliary to the proceeding under section 60, and the commissioners, the county judge and this court may act upon an allegation that a certificate has been made, in the absence of a denial of the allegation by the land owner, and it is not necessary that it should appear by the record (in the absence of a denial) that proof that all of the preliminary steps, which were necessary to be taken to authorize an adjudication under section 60, were actually and duly taken. Section 57 provides that after the order of the county judge has been confirmed by the General Term "It shall *then* be the duty of the commissioners to proceed and lay out and open said road as in other cases" (*People ex rel. Banner* v. *Temple*, 27 Hun, 128), which disposes of the second objection.

Observing the rule that adjudications are not to be reversed without cause shown, and no error appearing upon the record, the order of the county judge must be confirmed, but the practice being new, without costs to either party.

Present — HARDIN, P. J., BOARDMAN and FOLLETT, JJ.

Order of the County Court confirmed, without costs to either party.